UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AMADOR VALLE ABASALO, A-240-465-017,

Petitioner,

v.

WARDEN OF CALIFORNIA CITY DETENTION CENTER, et al.,

Respondents.

No.  1:26-cv-1491-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Amador Valle Abasolo is detained by Immigrations and Customs Enforcement ("ICE") and seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The pro se petition, respondents' opposition and motion to dismiss, and petitioner's counseled reply brief are before the court. (ECF Nos. 1, 12, 13.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1). For the following reasons, the undersigned recommends the court grant the petition and order respondents to give petitioner a bond hearing before an immigration judge.

I.      Background

Petitioner is a noncitizen who entered the United States in 2006. Proceeding pro se, he filed the petition under 28 U.S.C. § 2241 on February 20, 2026. (ECF No. 1.) The court granted leave to proceed *in forma pauperis* and appointed counsel for petitioner. (ECF No. 5.)

1

Petitioner alleges he entered the United States in 2006 when he was 20 years old, fleeing cartel violence in Mexico that targeted his indigenous community and caused the death or disappearance of his entire family in Mexico. (ECF No. 1 at 5-6.) While residing in the United States, petitioner has worked in agriculture, in a packing plant, and in landscaping. (Id. at 6.) He has a family with a partner of 11 years he considers to be his common law spouse who is a United States citizen. (Id. at 5-6.) Petitioner has a minor stepchild and a minor child. (Id.)

Petitioner was detained by Immigrations and Customs Enforcement ("ICE") on February 10, 2025, and has been detained in immigration custody for more than 13 months. (ECF No. 1 at 5.) The form petition brings a single claim that his prolonged detention without an individualized hearing before a neutral decisionmaker violates his Fifth Amendment right to due process. (Id. at 16.) Petitioner requests release from custody unless respondents schedule a bond hearing before an immigration judge where the government must establish by clear and convincing evidence that petitioner presents a risk of flight or danger to continue detention. (Id. at 17.)

Respondents filed an opposition and motion to dismiss the petition. (ECF No. 12.) Respondents contend petitioner is ineligible for a bond hearing because he is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2). (Id. at 2.) Respondents argue he possesses no right to freedom from immigration detention in any form other than the form provided by Congress, and thus that the petition should be denied. (Id.) Respondents also ask the court to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842.

Petitioner, through appointed counsel, filed a reply indicating an immigration judge denied relief on his application for asylum and for withholding of removal on October 14, 2025, and that petitioner's appeal of that decision is pending. (ECF No. 13 at 2.) Petitioner's reply also (1) disputes respondents' assertion that he is subject to mandatory detention under 8 U.S.C. § 1225(b), (2) argues the court should order respondents to release him because he is being detained in violation of the declaratory judgment issued in Maldonado Bautista,[1] and (3) contends that

---

[1] Maldonado Bautista v. Santacruz, No. 5:25-CV-01873-SSS-BFM, --- F.3d ---, 2025 WL 3713987, at *32 (C.D. Cal. Dec. 18, 2025), judgment entered sub nom. Maldonado Bautista v.

2

even under application of § 1225(b), he would be entitled to relief in the form of an individualized bond hearing because his detention has become unconstitutionally prolonged. (Id. at 3-7.)

## II.    Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001); Nadaraja v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006) ("[In] cases that do not involve a final order of removal, federal habeas corpus jurisdiction remains in the district court" pursuant to 28 U.S.C. § 2241 where the petitioner "challenges his confinement on statutory and constitutional grounds.").

## III.    Discussion

Petitioner has lived in the United States for approximately 20 years and was detained by ICE approximately 13 months ago. The undersigned agrees with the numerous district courts that have held that 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district courts have recently so held); Singh v. Bondi, et al., No. 1:26-cv-0490 DAD DMC, 2026 WL 221373, at *2 (E.D. Cal. Jan. 28, 2026) ("[B]ecause petitioner resided in the United States… when he was re-detained, respondents' assertion that petitioner is subject to mandatory detention under § 1225(b)(2) is unsupported."). The undersigned finds § 1226 applies to individuals like petitioner who were physically present in the United States for some period of time before they were detained by ICE. See also Castañon-Nava v. U.S. Dep't of Homeland Security, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is

Noem, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).

3

"not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"); but see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (holding individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)).

Here, on October 14, 2025, an immigration judge denied petitioner relief on his application for asylum and withholding of removal. (ECF No. 13 at 2; ECF No. 13-1 at 1-2.) Petitioner submitted an appeal, which is pending. (Id.) Petitioner is currently detained pursuant to 8 U.S.C. § 1226(a), which applies to non-citizens "detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). Under § 1226(a), the government has discretion whether to release or detain the individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2). If a noncitizen wishes to contest the initial custody determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an immigration judge. 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, as petitioner's counseled reply brief argues, respondents are violating the INA, as codified at 8 U.S.C. § 1226(a), by detaining him without a bond hearing. Considering § 1226(a)'s discretionary detention framework, and the absence of any indication that petitioner has previously been released on bond pursuant to § 1226(a), an order directing respondents to provide a bond hearing under § 1226(a) would be the appropriate remedy for the statutory violation. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings); Rodriguez v. Bostock, 779 F. Supp. 3d at 1263 (explaining "the specific harm [petitioner] alleges—that he is unlawfully barred from receiving a

4

bond hearing on the merits—is remedied by granting his request for a bond hearing under Section 1226(a)[.]").

Here, petitioner did not expressly assert a statutory claim for relief in the pending petition. However, the undersigned finds his Fifth Amendment due process claim asserting prolonged detention similarly warrants relief in the form of a bond hearing. Respondents have detained petitioner under mandatory detention for more than 13 months. Petitioner alleges, and respondents do not dispute, that he never received a bond hearing to determine whether his detention is justified based on danger or flight risk.

The Supreme Court has left open the question whether due process requires that persons in prolonged mandatory immigration detention receive individualized bond hearings. See Rodriguez v. Marin, 909 F.3d 252, 255 (9th Cir. 2018) (citing Jennings v. Rodriguez, 583 U.S. 281 (2018)); see also Marroquin Ambriz v. Barr, 420 F. Supp. 3d 953, 963 (N.D. Cal. 2019) ("Post-Jennings, several courts in this district have conducted an individualized inquiry to determine whether a petitioner's prolonged detention requires an additional bond hearing."); Doe v. Andrews, No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *7 (E.D. Cal. Mar. 23, 2026) ("[Jennings] did not foreclose the ability to raise as-applied challenges to prolonged detention under [§§ 1225(b), 1226(a), and 1226(c).]"

Courts examine procedural due process claims in two steps. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). The first step is determining whether there exists a protected liberty interest under the Due Process Clause, and the second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. Id.

"Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects," regardless of the immigration status of the alien. Zadvydas, 533 U.S. at 690; see also Hernandez v. Sessions, 872 F.3d 976, 990 (9th Cir. 2017) (recognizing that class of noncitizens detained under 8 U.S.C. § 1226(a) have a liberty interest in freedom from detention cognizable under the Due Process Clause). Petitioner has a protected liberty interest at stake.

To determine what process is due, the undersigned will apply the traditional balancing test of Mathews v. Eldridge, 424 U.S. 319 (1976). See Rodriguez Diaz, 53 F.4th at 1206-07 (assuming but not deciding the Mathews test applies in the context of prolonged detention under § 1226(a)). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation and probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest. Mathews, 424 U.S. at 335.

Petitioner does not allege he was arrested or placed in immigration custody at or near the time he entered the United States, or that he was ever previously paroled or released under § 1226(a), and the record contains no such indication. Thus, the type of scenario where many district courts recognize a strong due process liberty interest in continued release in the absence of any pre-detention process is not apparent here. See, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (collecting cases).

Nevertheless, petitioner has a "substantial" private interest in freedom from prolonged detention. See generally Rodriguez Diaz, 53 F.4th at 1207 (noting general circuit precedent "that an individual's private interest in 'freedom from prolonged detention' is 'unquestionably substantial.'"); S.E. v. Noem, No. 1:26-CV-00356-DAD-SCR, 2026 WL 206085, at *3 (E.D. Cal. Jan. 27, 2026) ("Petitioner has a strong liberty interest in freedom from unlawful detention."). The Ninth Circuit has observed it "previously referred to detentions longer than six months as 'prolonged' ... in the context of detentions for which no individualized bond hearings had taken place at all because the statutes on their faces did not allow for them." Rodriguez Diaz, 53 F.4th at 1207 (citations omitted). Because the length of petitioner's detention during removal proceedings has exceeded 13 months at this point, and it is undisputed he had no initial bond hearing under § 1226(a), petitioner's substantial private interest favors additional procedural protections.

The undersigned also considers that petitioner has challenged the order of removal by appealing, thus delaying the order of removal from becoming final. See Rodriguez Diaz, 53 F.4th at 1208 ("under the first prong of the Mathews analysis, we cannot simply count his months of detention and leave it at that"). However, the record contains no indication of dilatory tactics.

6

There is no indication the pending appeal is not a good-faith challenge to removal to a country where petitioner asserts his entire family has been killed or has disappeared due to cartel violence. See Lopez v. Garland, 631 F. Supp. 3d 870, 882 (E.D. Cal. 2022) (finding four-month delay in proceedings to adjudicate petitioner's Form I-130 a "neutral" factor in due process analysis); Masood v. Barr, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (noting a BIA appeal is a legitimate proceeding and "it ill suits the United States to suggest that he could shorten his detention by giving up these rights and abandoning his asylum application."). The first Mathews factor favors petitioner.

The second Mathews factor also favors petitioner. It is undisputed he has not received a bond hearing at any point, even though he should have received the procedural protections of 28 U.S.C. § 1226(a), including a bond hearing before an immigration judge in the event he was not satisfied with the initial custody determination. "In the absence of any meaningful initial procedural safeguards, … almost any additional procedural safeguards at some point in the detention would add value." Black v. Decker, 103 F.4th 133, 153 (2nd Cir. 2024). Moreover, because the government contends petitioner is subject to mandatory detention, his only available process for his prolonged detention due process claim is through a habeas petition. See Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) ("[t]he BIA does not have jurisdiction to determine the constitutionality of the statutes it administers") (citing Padilla–Padilla v. Gonzales, 463 F.3d 972, 977 (9th Cir. 2006)). A bond hearing before an immigration judge would serve to mitigate the risk of erroneous deprivation because it would require the government to establish that petitioner presents a flight risk or danger to the community if released. See S.E., 2026 WL 206085, at *3.

As to the third factor, the government has an interest in protecting the public from noncitizens who have been determined to be dangerous, and in ensuring successful execution of removal orders through detention of removable noncitizens. Rodriguez Diaz, 53 F.4th at 1208 (citing Demore v. Kim, 538 U.S. 510, 515, 528). Being required to provide petitioner a bond hearing will not undercut the government's interests. See Black, 103 F.4th at 153-54 (discussing government's interest in obtaining or effecting removal); Jimenez v. Wolf, No. 19-CV-07996-

NC, 2020 WL 510347, at *3 (N.D. Cal. Jan. 30, 2020) ("Providing a bond hearing would not undercut the government's asserted interest in effecting removal. After all, the purpose of a bond hearing is to inquire whether the alien represents a flight risk or danger to the community.") (citing In re Guerra, 24 I.&N. Dec. 37 (B.I.A. 2006)). In addition, limiting detention to noncitizens who are shown to be either dangerous or a flight risk may serve the government's and the public's interest by limiting the fiscal and administrative burdens attendant to immigration detention. S.E., 2026 WL 206085, at *3; see also Hernandez, 872 F.3d at 996 (Noting that in 2017 "the costs to the public of immigration detention are staggering: $158 each day per detainee, amounting to a total daily cost of $6.5 million. Supervised release programs cost much less by comparison: between 17 cents and 17 dollars each day per person."). Thus, in petitioner's case, the government's interest is minimal in detaining him further without a hearing to determine whether the detention is justified.

The undersigned finds the Mathews factors all favor petitioner. The undersigned will recommend the petition be granted and petitioner receive a bond hearing before an immigration judge at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention.[2] See Black, 103 F.4th at 157) (noting that where an individual's liberty is at stake due to continued detention, the Supreme Court has consistently used a clear and convincing evidentiary standard).

Finally, the court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Accordingly, respondents' request for a stay pending the resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, should be denied.

---

[2] Petitioner's counseled reply brief asserts this court should order his release because he is being detained in violation of the declaratory judgment issued in Maldonado Bautista. However, petitioner currently proceeds on a single claim asserting his prolonged detention violates the Fifth Amendment and did not bring any claim premised on a violation of statute or the Maldonado Bautista judgment. Regardless, the relief for such a claim if meritorious would likely be to order a bond hearing. See, e.g., Reyes Gonzalez v. Robbins, No. 1:26-CV-0772 KES SKO (HC), 2026 WL 469407, at *4 (E.D. Cal. Feb. 19, 2026) ("Consistent with the judgment entered in favor of the Bond Eligible Class in Maldonado Bautista, the court finds Petitioner is entitled to a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).").

**IV.    Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Respondents' motion to dismiss and request for a stay (ECF No. 12) be denied.

2. The petition for writ of habeas under 28 U.S.C. § 2241 be GRANTED.

3. Respondents be ordered to provide, within seven (7) days of adoption of these findings and recommendations, petitioner AMADOR VALLE ABASOLO, A-240-465-017, a bond hearing before an Immigration Judge at which the government bears the burden of showing by clear and convincing evidence that he is either a flight risk or a threat to safety to justify his continued detention, and to file notice certifying compliance within (3) three days of the bond hearing.

4. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven days (7) after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 27, 2026

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 abas1491.mer

9