UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMADOR VALLE ABASOLO, | No. 1:26-cv-01491-DAD-CKD |
| Petitioner, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATION IN PART, GRANTING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING RESPONDENT'S MOTION TO DISMISS |
| WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, | |
| Respondent. | (Doc. Nos. 1, 12, 14) |

Petitioner Amador Valle Abasolo is a federal immigration detainee proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 27, 2026, the assigned magistrate judge issued findings and recommendations recommending that the pending petition for writ of habeas corpus (Doc. No. 1) be granted and respondent's motion to dismiss (Doc. No. 12) be denied. (Doc. No. 14.) Specifically, the assigned magistrate judge found that petitioner is detained pursuant to 8 U.S.C. § 1226(a) and accordingly entitled to a bond hearing under that section. (*Id.* at 4–5.) The magistrate judge further found that petitioner was entitled to a bond hearing pursuant to due process requirements. (*Id.* at 5–8.) On this basis, the magistrate judge recommended that respondent's motion to

1

dismiss the petition (Doc. No. 12) be denied and that respondents be ordered to provide petitioner with a bond hearing within seven (7) days.  (Doc. No. 14 at 9.)  The pending findings and recommendations were served on the parties and contained notice that any objections thereto were to be filed within seven (7) days after service.  (*Id.*)

On April 1, 2026, respondent submitted objections in which it objects for the reasons stated in its motion to dismiss.  (Doc. No. 15.)  These objections do not provide a basis upon which to reject the pending findings and recommendations.  On April 6, 2026, petitioner filed a response to respondent's objections in which petitioner contends that his detention is unlawful for the reasons outlined in his petition for writ of habeas corpus (Doc. No. 1), as well as his opposition to respondent's motion to dismiss (Doc. No. 13).  (Doc. No. 16.)

In its motion to dismiss, respondent argues only that petitioner is subject to detention pursuant to 8 U.S.C. § 1225.  (Doc. No. 12 at 1–2.)  The court adopts the magistrate judge's reasoning in rejecting this argument.  (Doc. No. 14 at 4–5.)  In addition, the undersigned notes that respondent has failed to identify any other statutory provision under which petitioner may be legally detained.  The court therefore finds that petitioner has demonstrated that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondent has failed to show that his continued detention is authorized by statute.  The court concludes that the appropriate remedy is the immediate release of petitioner.  *See Cardenas v. Chestnut*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871, at *1 (E.D. Cal. Mar. 20, 2026) (ordering immediate release of the petitioner where the respondent failed to identify an applicable detention statute to justify the petitioner's detention); *see also Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.").

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case.

/////

/////

2

For the reasons explained above:

1.    The findings and recommendations issued on March 27, 2026 (Doc. No. 14) are ADOPTED IN PART;

2.    Respondent's motion to dismiss (Doc. No. 12) is DENIED;

3.    Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a.    Respondent is ORDERED to immediately release petitioner Amador Valle Abasolo, A-number 240-465-017, on the same conditions he was subject to, if any, prior to his detention on February 10, 2025 detention;

   b.    Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner absent exigent circumstances without providing petitioner notice and a pre-detention hearing before an immigration judge, at which the applicable burden will be pursuant to 8 U.S.C. § 1226(a);

4.    The Clerk of the Court is directed to serve this order on the California City Detention Facility; and

5.    The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **April 7, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3